IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV73-03-MU

| | |
|---|---|
| EMORY STEVENS REDFEAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LOUIS SMITH, Supt., Albermarle )<br>Correctional Inst., )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1); Respondent's Motion for Summary Judgment (Document No. 5) and Petitioner's Response to the Motion for Summary Judgment (Document No. 9.) For the reasons stated herein the Court will dismiss Petitioner's Petition for Writ of Habeas Corpus and Grant Respondent's Motion for Summary Judgment.

A review of the record reveals that on January 31, 2006 Petitioner pled guilty to three counts of sexual offense by institutional custodian, taking indecent liberties with a child, and attempted felonious restraint and was sentenced, pursuant to the terms of his plea bargain, to a consolidated term of 30-45 months, a consecutive term of 20-24 months, and a suspended term of 20-24 months with 30 months supervised probation in cases 02CRS9083-85 and 57840. Petitioner did not file an appeal. Petitioner dated a pro se "Freedom of Information Act and Privacy Act" motion August 29, 2006 attempting to obtain copies of documents from the clerk's file, and filed in it the Superior Court

1

of Iredell County. Petitioner also dated a pro se motion for appropriate relief (MAR), motion for an evidentiary hearing, motion for appointment of counsel, and motion to withdraw guilty plea, October 4, 2006 and filed them in the Superior Court of Iredell County on October 12, 2006. Judge Collier summarily denied these motions on October 16, 2006. Petitioner then dated a pro se certiorari petition December 20, 2006 and filed it in the North Carolina Court of Appeals on December 29, 2006. Certiorari was denied on January 12, 2007. Petitioner dated a pro se certiorari petition January 25, 2007 and filed it in the Supreme Court of North Carolina on January 30, 2007. Petitioner dated a pro se amendment to his certiorari petition January 31, 2007 and filed it in the Supreme court of North Carolina on February 6, 2007. The Supreme Court of North Carolina dismissed Petitioner's certiorari petition and motion to amend on March 8, 2007. Petitioner dated a pro se motion challenging the execution of his sentence under 28 U.S.C. § 2241 on April 30, 2007 and filed it in the Middle District of North Carolina on May 7, 2007. Judge Russell A. Eliason dismissed the motion on June 4, 2007, without prejudice for Petitioner to file a new federal habeas petition pursuant to 28 U.S.C. § 2254 in this Court. Redfear v. Smith, 1:07cv360 (M.D.N.C. June 4, 2007). Petitioner filed the instant motion in this Court on June 25, 2007 alleging that: (1) his indictment was defective and the trial court accepted the guilty plea and convicted him on an indictment which failed to establish jurisdiction or state an offense; (2) trial court lacked jurisdiction over the subject matter over him and (3) his conviction was obtained due to ineffective assistance of counsel because his attorney failed to examine the records.

## **ANALYSIS**

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, because Petitioner pled guilty and received correct, lawful, active, mitigated range sentences of 30-45 months and 20-24 months, and a suspended presumptive range sentence of 20-24 months pursuant to the terms of his plea bargain, he had no right to appeal. See N.C.G.S. § 15A-1340.17(a), (d) and (e) and N.C.G.S. § 15A-1444(a1) and (a2) (right to appeal from guilty plea limited); <u>see also</u>, State v. Hamby, 129 N.C. App. 366 (1998) (defendant who could not have raised any of the issues enumerated in section 15A-1444(a2) had no right to appeal) and State v. Williams, 116 N.C. App. 354 (appeal dismissed because defendant was not entitled to appellate review as a matter of right under section 15A-1444(a1)), <u>cert. denied</u>, 338 N.C. 523 (1994). Therefore, petitioner's case became final for purposes of direct review on January 31, 2006 and Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from January 31, 2006 for 246 days until he dated his pro se MAR on October 4, 2006 and filed it in the Superior Court of Iredell County on October 12, 2006. Petitioner's one

3

year limitations period was then tolled through Judge Collier's October 16, 2006 Order[1] denying the MAR and related motions, through the December 29, 2006 filing of his certiorari petition in the North Carolina Court of Appeals until certiorari was denied on January 12, 2007. The one-year period then resumed and fully expired 119 days later on May 11, 2007. Petitioner dated the instant Petition June 22, 2007 and filed it in this Court on June 25, 2007, which is over one month after his one-year limitation period expired.[2] Therefore, Petitioner's Petition is untimely

---

[1] Petitioner seems to argue that he did not receive notice of Judge Collier's October 16, 2006 Order denying his MAR until December 7, 2006, therefore the time between October 16, 2006 and December 7, 2006 should also be tolled for purposes of the one-year limitations period. First, the Court notes that generally a claim that Petitioner did not receive notice of a court's order will not toll the limitations period. However, in this case, Petitioner's argument does not affect the tolling calculations because, Petitioner's one-year limitations period is tolled from the date he signed his MAR on October 4, 2006 through the denial of his certiorari petition in the North Carolina Court of Appeals on January 12, 2007, therefore the period Petitioner is claiming should be tolled, has been tolled.

[2] The Court notes that Petitioner's August 29, 2006 pro se "Freedom of Information Act and Privacy Act" motion seeking documents from the clerk's file does not toll the one-year limitations under 28 U.S.C. § 2244(d)(1) because state post-conviction motions or petitions seeking copies of various documents or transcripts do not toll the limitations period. See Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002) (motions for transcripts do not toll and state's failure to provide transcripts does not qualify for equitable tolling); Hodge v. Greiner, 269 F.3d 104 (2nd Cir. 2001) (state post-conviction motion seeking to obtain materials which might develop claims, does not toll). Likewise, Petitioner's January 25, 2007 certiorari petition filed in the Supreme Court of North Carolina on January 30, 2007 and his January 31, 2007 motion to amend filed February 6, 2007 both denied on March 8, 2007, do not toll the one-year period under §2244 because that court lacked authority to entertain the certiorari petition under state law and procedure. See N.C.G.S. § 7A-28(a) ("Decisions of he Court of Appeals upon review of motion for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise."); see also, N.C.R. of App. P., Rule 21(e) (Court of Appeals has final say on whether certiorari will be granted from trial court's denial of MAR in cases in which death sentence has not been imposed). Finally, Petitioner's April 30, 2007 motion challenging the execution of his sentence under section 2241, filed in the Middle District of North Carolina on May 7, 2007 does not toll the limitation period. Duncan v. Walker, 533 U.S. 167 (2001) (filing of a prior federal habeas petition does not toll the one-year period of limitation under 2244).

4

pursuant to 28 U.S.C. § 2244.  Petitioner has not articulated any basis for equitable tolling, therefore Petitioner's Petition must be dismissed as it is untimely under the AEDPA.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: October 17, 2007

Graham C. Mullen
United States District Judge