IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV73-03-MU

| | |
|---|---|
| EMORY STEVENS REDFEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| LOUIS SMITH, Supt., Albermarle ) | |
| Correctional Inst., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Disclosure of Masonic Affiliation" filed on January 22, 2008 (Doc. No. 19.) Petitioner's motion will be denied.

A review of the record reveals that on January 31, 2006 Petitioner pled guilty to three counts of sexual offense by institutional custodian, taking indecent liberties with a child, and attempted felonious restraint and was sentenced, pursuant to the terms of his plea bargain, to a consolidated term of 30-45 months, a consecutive term of 20-24 months, and a suspended term of 20-24 months with 30 months supervised probation in cases 02CRS9083-85 and 57840. Petitioner did not file an appeal. Petitioner dated a pro se motion for appropriate relief (MAR), motion for an evidentiary hearing, motion for appointment of counsel, and motion to withdraw guilty plea, October 4, 2006 and filed them in the Superior Court of Iredell County on October 12, 2006. Judge Collier summarily denied these motions on October 16, 2006. Petitioner then dated a pro se certiorari petition December 20, 2006 and filed it in the North Carolina Court of Appeals on December 29,

2006.  Certiorari was denied on January 12, 2007.  Petitioner dated a pro se certiorari petition January 25, 2007 and filed it in the Supreme Court of North Carolina on January 30, 2007.  Petitioner dated a pro se amendment to his certiorari petition January 31, 2007 and filed it in the Supreme court of North Carolina on February 6, 2007.  The Supreme Court of North Carolina dismissed Petitioner's certiorari petition and motion to amend on March 8, 2007.  Petitioner dated a pro se motion challenging the execution of his sentence under 28 U.S.C. § 2241 on April 30, 2007 and filed it in the Middle District of North Carolina on May 7, 2007.  Judge Russell A. Eliason dismissed the motion on June 4, 2007, without prejudice for Petitioner to file a new federal habeas petition pursuant to 28 U.S.C. § 2254 in this Court.  Redfear v. Smith, 1:07cv360 (M.D.N.C. June 4, 2007).  Petitioner filed a Petition for Writ of Habeas Corpus in this Court on June 25, 2007 alleging that: (1) his indictment was defective and the trial court accepted the guilty plea and convicted him on an indictment which failed to establish jurisdiction or state an offense; (2) trial court lacked jurisdiction over the subject matter over him and (3) his conviction was obtained due to ineffective assistance of counsel because his attorney failed to examine the records.  Petitioner's Petition was denied by Order dated October 17, 2007 (Doc. No. 10) and is now on appeal before the Fourth Circuit Court of Appeals.

By way of the instant motion, Petitioner seeks an evidentiary hearing on respondent's statute of limitations defense and the disclosure of the undersigned's and Superior Court Judge Robert Collier's Jr. masonic affiliation.[1]  Petitioner offers no authority for this Court to rule on his motion

---

[1] Petitioner argues that because his "complaint at bar lists the reputed headquarters of the masonic lodges among the respondents, federal statute 28 U.S.C. 455[b] requires federal judges to disqualify themselves in circumstances where he has a personal bias or prejudice concerning a party."  Motion at 1.  The Court notes that the only respondent named in the case is Lewis Smith, Petitioner's custodian.

given that his Habeas Corpus Petition has already been ruled upon by this Court. Rule 60 of the Federal Rules of Civil Procedure provides for relief from Judgement of Order when there has been a clerical mistake or a mistake based upon inadvertence; excusable neglect; newly discover evidence; or fraud. However, none of these avenues of relief is apposite here, since none arises naturally from the contentions made in Petitioner's motion. Rather, by filing this Motion, Petitioner essentially seeks reconsideration of the timeliness of his Petition filed pursuant to 28 U.S.C. § 2254, which this Court has already ruled upon and also asks for the disclosure of the undersigned's and Judge Collier's masonic affiliations.[2]

Petitioner's motion is not a proper Rule 60 motion as Petitioner has not articulated any basis for this Court to provide relief from his Judgment. Moreover, Petitioner has not stated any other authority for this Court to reconsider the merits of his case after the Court has already dismissed his Petition. Therefore, Petitioner's motion is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's "Motion for Disclosure of Masonic Affiliation" is denied.

**SO ORDERED**.

Signed: January 30, 2008

Graham C. Mullen
United States District Judge

---

[2] The undersigned has no basis upon which to disqualify himself from this case and has no basis to form an opinion as to Judge Collier's affiliations.